The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. An employer-employee relationship as defined by G.S. 97-2(2) existed between the parties on July 31, 1997.
2. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
3. Plaintiffs average weekly wage at all relevant times was $297.57
***********
The Full Commission adopts with minor modification the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. Plaintiff was 59 years old on July 31, 1997.
2. Plaintiff was employed by defendant as an outside custodian at White Oak High School since 1 July 1993. He generally worked eight hours per day from 1:00 p.m. to 10:00 p.m. Monday through Thursday and 8:00 a.m. to 4:00 p.m. on Fridays. His normal duties included cutting the grass.
3. On July 31, 1997 at about 1:30 p.m., plaintiff began cutting grass on the schools soccer field with a John Deere riding mower dressed in his standard work uniform and mesh cap. This was part of plaintiffs normal routine. He mowed the field every week. During mowing, the heat from the lawn mower would blow on him if the wind was blowing into his face.
4. At about 3:45 p.m. plaintiff began to feel dizzy and nauseated. He drove the mower about a block back to the school building and got off. He felt weak, and his left leg gave way, and he had to grab the railing on his way up the steps into the building. His left foot would not come up. The plaintiff made his way to the principals office and the rescue squad was called. Plaintiff was given sublingual nitroglycerin and was transported to the emergency room at Onslow Memorial Hospital.
5. At the hospital plaintiff was evaluated by Wesley Murfin, M.D. A CT scan of the brain showed some minimal involutional change and the possibility of some early paraventricular ischemic change. Plaintiff was diagnosed with stroke with left hemiparesis and hypertension. His blood pressure was 170/96. He was treated with medication and his blood pressure had dropped to approximately120-130/70 prior to August 6, 1997.
6. Earlier in the year, plaintiff had had surgery performed by Lennox G. Williams, M.D., a general and vascular surgeon, on January 17, 1997 to remove varicose or enlarged veins in plaintiffs legs. Plaintiff recovered fairly well but continued to have swelling and pain around the surgical sites suggesting superficial phlebitis or inflammation of the veins underneath the skin in the area where the varicose veins had been. In February 1997 plaintiff was seen for the phlebitis and had surgery for removal of a clot from his calf. His blood pressure was elevated at that time on one occasion; this was attributed to pain from the leg and sustained hypertension. There was a history of hypertension for approximately 10 years.
7. On August 6, 1997, plaintiff was transferred to Pitt Regional Rehabilitation Center for further care to increase his level of independence with mobility, ADL and communication skills. Plaintiff was discharged from the rehabilitation center on about September 1, 1997. At that time he was able to walk with a cane and brace on his left leg.
8. On April 10, 1998, Dr. Murfin found that plaintiffs hypertension was adequately controlled with medication and that he was doing reasonably well with the strokes aftereffects and was probably near maximum medical improvement.
9. Plaintiff offered evidence that there is something called a hypertensive stroke which is a mechanism by which the blood supply to a portion of the brain can be impaired because of excessive and uncontrolled high blood pressure. Plaintiff offered no evidence that he had such a stroke.
10. Plaintiff also offered no evidence that his hypertension had any relationship to his employment. Ninety-five percent of the cases of high blood pressure have no clear-cut cause. While blood pressure may go up transiently, even in nonhypertensive people, during straining or heavy activity such as a bowel movement or lifting a heavy weight, there is no evidence that plaintiff was engaged in such heavy activity before his stroke or that such a temporary rise in blood pressure could be a cause of stroke. In addition, there is no correlation between high blood pressure and exposure to extreme heat or cold and no relationship with body temperature.
12. Plaintiff did not present any evidence that established that he had a hypertensive stroke. Also, there was no evidence of straining or heavy activity or that this could cause a stroke. And, there was no evidence that plaintiff engaged in any extra or unusual degree of exertion, that there was an interruption of his usual job routine, or any unusual event prior to his stroke.
***********
Based on the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove, by the greater weight of evidence, that he sustained an injury by accident arising out of and in the course and scope of his employment. N.C.G.S. 97-2(6).
2. Plaintiff has failed to prove that the cause of his stroke was related to his employment. N.C.G.S. 97-2(6).
3. Plaintiff is therefore entitled to no medical or other compensation from defendant. N.C.G.S. 97-2(6) and 97-25.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
 AWARD
1. Plaintiffs claim is hereby, and the same shall be, Denied.
2. Each side shall bear its own costs.
This the ___ day of May 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS/bjp/nwg